# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    **INDICTMENT**

**MICHAEL DUANE DYSON**                    4:25cr83-RH

_____/

**THE GRAND JURY CHARGES:**

## COUNT ONE

### A. INTRODUCTION

At all times material to this Indictment:

### U.S. Military Veterans Benefits

1.     The United States ("U.S.") Department of Veterans Affairs ("VA")
was a department of the executive branch of the federal government responsible
for providing essential services and support to veterans of the U.S. military,
including healthcare, housing, education, and financial benefits. VA benefits were
generally funded by the federal government and administered by the VA through
various programs, grants, and contracted providers.

2.     Specifically, the VA was charged with providing lifelong healthcare
services to eligible military veterans at approximately 170 of its medical centers
and outpatient clinics located throughout the country.



FILED USDC FLND TL
OCT 7 '25 PM 1:32

3.    There were multiple VA healthcare facilities available to service eligible veterans in the Northern District of Florida.

4.    The U.S. Department of Defense (now, Department of War) issued a Certificate of Release or Discharge from Active-Duty form, also known as a "DD Form 214," or a "DD-214," to veterans upon their separation from a term of active duty.

5.    The DD-214 served as proof of military service across all branches of the U.S. military (that is, the Army, Navy, Air Force, Marine Corps, Space Force, and Coast Guard), and contained essential details about a veteran's military service, including dates of service, discharge status, and any awards received.

6.    A validly issued DD-214 was crucial for accessing VA benefits and services, to include healthcare benefits, and permitted the issuance to eligible veterans of a Veteran ID card.

7.    Application for VA healthcare benefits was accomplished by executing a VA Form 10-10EZ, which inquired about prior military service, dates of service, details of service and special circumstances which may qualify an eligible veteran to receive additional benefits, such as combat service, prisoner of war status, and disability rating.

8.    The VA Form 10-10EZ required the applicant to sign and attest to the accuracy of the information provided by the veteran or a person applying on behalf of the eligible veteran.

9.    The Family Promise of the Big Bend ("FPBB") was a contract provider of VA benefits that focused on serving homeless veterans. Support Services for Veteran Families ("SSVF") was a specific program administered by FPBB that provided services such as housing placement, financial support, and healthcare assistance to homeless veterans and their families.

10.    The Bronze Star medal was a U.S. Armed Forces decoration first awarded in 1944 for either heroic achievement and service, meritorious achievement, or meritorious service in a combat zone. The Purple Heart medal has been awarded since 1782, and recognized U.S. Armed Forces service members who were either killed or wounded while serving with the U.S. military.

11.    A Bronze Star or Purple Heart medal which were genuinely earned and awarded were reflected on a veteran's DD-214.

12.    Fort Bragg was a U.S. Army installation located near Fayetteville, North Carolina; Fort Benning was a U.S. Army installation located in Columbus, Georgia.

3

## False VA Benefits Applications

The defendant, **MICHAEL DUANE DYSON**, was never enlisted in nor served in any branch of the U.S. Armed Forces. Neither was **DYSON** an eligible dependent of a veteran.

13.    Accordingly, because **MICHAEL DUANE DYSON** was not a U.S. Armed Forces veteran or dependent, he was ineligible for VA benefits.

14.    Despite not being a U.S. Armed Forces veteran or dependent, **MICHAEL DUANE DYSON**, first attempted to apply for VA healthcare benefits through the Boston, Massachusetts VA Healthcare System by filing a false VA Form 10-10EZ on or about April 11, 2013.  **DYSON** was notified that his application to receive VA benefits was denied by a letter from the VA Boston Healthcare System dated May 17, 2013, which specifically informed him that the denial of benefits was based upon a lack of proof of prior military service.

15.    Nonetheless, on or about April 11, 2022, **MICHAEL DUANE DYSON** applied again for VA healthcare benefits by filing a VA Form 10-10-EZ with the Tallahassee, Florida VA, in which he falsely represented that he had honorably served in the Army, similar to such false claims that he made  in his 2013 application.  Additionally, in his 2022 Form 10-10-EZ, **DYSON** claimed that he received an Honorable Discharge from the Army, and that he received a Purple Heart.

4

16.    Based on these misrepresentations, **MICAHEL DUANE DYSON** caused the VA to improperly certify him to qualify for and to receive VA healthcare benefits, which he then obtained or attempted to obtain, in part, between on or about April 28, 2022, and on or about June 13, 2025, from the VA Tallahassee Hospital, as well as outside contract healthcare providers.

17.    **MICHAEL DUANE DYSON** also submitted false and fraudulent applications to the FPBB in Tallahassee, Florida in an effort to receive other VA benefits, namely SSVF homeless benefits.

18.    Specifically, on or about May 5, 2025, **MICHAEL DUANE DYSON** presented a forged copy of a DD-214 as part of his application to falsely claim that he had been awarded the Bronze Star and Purple Heart medals, and executed under oath a Request Pertaining to Military Records (form OMB No. 3095-0029) in which he falsely claimed that he served in the U.S. Army between 1998 and 2013, while stationed at Fort Benning and Fort Bragg.

19.    FPBB personnel were subsequently notified by the Department of Army, Human Resources Command, that no record of a DD-214 or military record existed for **MICHAEL DUANE DYSON**.

20.    Additionally, as part of his efforts to fraudulently obtain VA benefits, **MICHAEL DUANE DYSON** presented a fraudulent U.S. Department of

Veterans Affairs VA Identification Card, and a state of Florida Identification card that falsely indicated he was a Veteran on multiple occasions.

21.    As a result of his fraudulent conduct, **MICHAEL DUANE DYSON**, fraudulently received at least $114,527 worth of VA benefits, and caused $83,369 of the billed services to be paid to benefit providers or to be paid to **DYSON** directly.

## B.  THE CHARGE

Between on or about April 11, 2022, and on or about June 13, 2025, in the Northern District of Florida and elsewhere, the defendant,

## MICHAEL DUANE DYSON,

did knowingly and willfully embezzle, steal, and convert to his use and to the use of another, and without authority did convey and dispose of a thing of value of an agency or department of the United States worth more than $1,000, namely, VA healthcare benefits.

In violation of Title 18, United States Code, Sections 641 and 2.

## CRIMINAL FORFEITURE

The allegations in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From his engagement in the violation alleged in Count One of this Indictment, the defendant,

6

**MICHAEL DUANE DYSON,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 641, any and all of the defendant's right, title, and interest in any property, real and personal, constituting and derived from proceeds traceable to such offense.

The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek

7

forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

FOREPERSON

10/7/25
DATE

JOHN P. HEEKIN
United States Attorney

ERIC K. MOUNTIN
Assistant United States Attorney