UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                          CASE NO. 4:25-CR-83-RH

MICHAEL DUANE DYSON
_____/

**UNITED STATES' MEMORANDUM IN SUPPORT OF
<u>REQUEST FOR RESTITUTION</u>**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby submits the following memorandum in support of its request for restitution:

Under the Mandatory Victims Restitution Act ("MVRA"), restitution is mandatory for offenses against property, including those committed by fraud or deceit, in which an identifiable victim has suffered a pecuniary loss. 18 U.S.C. § 3663A(c). In such cases, the Court must order the defendant to make restitution to the victim in the full amount of the victim's loss. *Id.* § 3663A(b).

The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern."

1

*Id.* §3663A(a)(2).

To establish restitution, the government must show that the victim's loss was both factually and proximately caused by the defendant's conduct, meaning that the loss would not have occurred but for the offense and that the causal connection is not too attenuated. *United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007). The government bears the burden of demonstrating the amount of the victim's loss by a preponderance of the evidence and must support that amount with evidence bearing "sufficient indicia of reliability to support its probable accuracy." 18 U.S.C. § 3664(e); *United States v. Osman*, 853 F.3d 1184, 1189 (11th Cir. 2017).

In this case, the defendant pleaded guilty to one count of Theft of Government Property, 18 U.S.C. §§ 641 and 2. A conviction under 18 U.S.C. § 641 constitutes an "offense against property" under the MVRA, and therefore requires the Court to order full restitution to the victim for the value of the property unlawfully taken. Here, the defendant obtained benefits from the Veterans Administration (VA) through false applications to the VA Community Care Program in the amount of $27,416.78, and to the VA's Supportive Services for Veteran Families (SSVF) program in the amount of $701.59. The total direct pecuniary loss to the VA is $28,118.37.

In the Plea Agreement, the defendant agreed to make full restitution to the

VA in the amount of $83,369.00, which was the amount of the costs incurred through treatment provided to the defendant at various VA healthcare facilities. Although the Plea Agreement referenced a broader estimate of losses associated with the defendant's receipt of VA-funded healthcare services, the VA has determined that it seeks restitution only for the directly identifiable fraudulent payments issued through the VA Community Care Program and the Supportive Services for Veteran Families program, totaling $28,118.37. The defendant does not dispute the amount of the restitution.

The government has submitted supporting documentation from the VA substantiating the restitution calculation.

Respectfully submitted on this 12th day of May, 2026.

JOHN P. HEEKIN

United States Attorney

*/s/ Katherine C. Kerwin*
KATHERINE C. KERWIN
Assistant United States Attorney
Michigan Bar No. 73070
111 North Adams St., 4th Fl.
Tallahassee, FL 32301
(850) 942-8430
Katherine.kerwin@usdoj.gov

**<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>**

I HEREBY CERTIFY that this motion and memorandum complies with the word limitation of Local Rule 7.1(f) because this pleading contains less than 497 words.

*/s/ Katherine C. Kerwin*
KATHERINE C. KERWIN
Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 12th day of May, 2026, which will send notification of such filing to all counsel of record.

*/s/ Katherine C. Kerwin*
KATHERINE C. KERWIN
Assistant United States Attorney